Per Curiam.
 

 On the 11th of April, 1812, Thomas H. Perkins complained on oath to Mathew Rogers, a justice of the peace for Jackson County, that Joshua Dillon had forcibly entered into a tenement, &c., and forcibly detained the same. On his complaint, a precept, in the usual form, was directed to the sheriff, to summon a jury. The jury found a forcible detainer ; and after the verdict or inquisition the defendant, Dillon, tendered a plea in writing, denying the force ; whereupon the justice sent all the proceedings to the Circuit Court for Jackson County. The defendant moved to quash the proceedings, which was refused by the court. The cause was continued in court for some years, when the solicitor for the State moved the court to strike the cause off the docket for want of jurisdiction, not having been regularly brought up. That court, on argument, discharged the rule. A bill of exceptions was filed to this opinion, and an appeal in the nature of a writ of error
 
 *143
 
 was taken to this court. Two questions present themselves; first, when an inquisition of forcible entry and detainer is found by jury, and the defendant tender his plea in writing, denying the * force, ought the proceedings to be certified to the Circuit or County Court ? The justice may summon another jury to try the plea, but the general practice here has been to certify the proceedings to the Superior Court; and this is believed to be in conformity with the directions of the statutes of forcible entry and detainer as nearly as a difference in the organization of our judicial system will permit. No law has ever been passed on this subject by North Carolina or this State. This is not an appeal from the judgment of a justice of the peace, but the proceedings are certified before a trial or judgment; and the act of 1811, ch. 119, § 3, forbidding appeals from the judgment of a justice to the Circuit Court, does not embrace cases like the present. The Circuit Court therefore did not err in refusing to strike the cause from the docket on that account. But this is not now material to be considered ; for, secondly, the cause is not regularly brought hither. There was no final judgment in the Circuit Court. Writs of error cannot be brought till the cause is at an end in that court. 1811, ch. 72, § 11. But it may be said that this is to some purposes a State prosecution ; that will make no difference. At the last sitting of the Court of Appeals at Knoxville, Catharine Foute brought a writ of error against the State; she had been indicted in the Circuit Court for the county of Jefferson, of larceny. In that court a motion was made to quash the prosecution and discharge her, for want of a prosecutor indorsed on the indictment, alleging that the variance between a presentment made by jury and the indictment, was so great that the latter could not be
 
 founded
 
 on the former. The Circuit Court refused to discharge her, from which opinion she appealed, although, on other grounds it appeared she ought not to be compelled to answer. The court, after expressing an opinion on those points, remanded the cause to the Circuit Court, because it had been brought up before a final judgment. The principles * upon which that case was decided are still believed to be correct, and govern the present case.
 

 The cause was remanded to the Circuit Court.
 

 See, as to
 
 practice, Dillon
 
 v.
 
 State,
 
 4 Hay. 271. As to
 
 appeal,
 
 note to
 
 Foute
 
 v.
 
 State,
 
 3 Hay. 98,
 
 sub fin.
 
 See King’s Digest, 6818.